

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0570-11

---

### GENOVEVO SALINAS, Appellant

### v.

### THE STATE OF TEXAS

---

### ON DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

---

*Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Price, Keasler, Hervey, Cochran, and Alcala, JJ., joined. Johnson, J., dissented. Meyers, J., did not participate.*

The appellant was convicted of murder.[1] The Fourteenth Court of Appeals affirmed the conviction.[2] We granted the appellant's petition for discretionary review on one ground: whether

---

[1] The Fourteenth Court of Appeals's opinion states that the jury found the appellant guilty of two counts of murder. *See Salinas v. State*, 2011 WL 903984, 2011 Tex. App. LEXIS 1923 (Tex. App.–Houston [14th Dist.] Mar. 17, 2011). Both parties' briefs, as well as the clerk's record, however, indicate that the appellant was found guilty of one count of murder. *See* Tex. Penal Code § 19.02.

[2] *Salinas*, 2011 WL 903984, 2011 Tex. App. LEXIS 1923.

the Court of Appeals erred in holding that the Fifth Amendment right against compelled self-incrimination does not apply to pre-arrest, pre-*Miranda*[3] silence used as substantive evidence of guilt in cases in which a defendant does not testify. Holding that such silence is admissible, we will affirm the Court of Appeals's decision and uphold the appellant's conviction.

### I. BACKGROUND

Houston police officers discovered two homicide victims on the morning of December 18, 1992. An investigation led to the appellant, and he voluntarily accompanied officers to the police station for questioning. For approximately one hour, the appellant answered every question asked. Then, when asked whether shotgun shells found at the crime scene would match a shotgun found at his home, the appellant remained silent, and, according to the interrogating officer, demonstrated signs of deception. A ballistics analysis later matched the shotgun with the casings left at the murder scene. Subsequent investigation led police to a witness who stated that the appellant had admitted murdering the victims. On March 4, 1993, the appellant was charged with murder, though police could not locate him at the time.

After evading arrest for nearly 15 years, the appellant was captured in 2007. His first trial ended in a mistrial. In the appellant's second trial, the State sought to introduce evidence of his silence when he was questioned about the shotgun shells in the 1992 interview. The appellant's trial counsel objected to the State's introduction of this evidence, arguing that the appellant could "invoke the Fifth Amendment privilege whether he was in custody or not." The trial court overruled the objection and allowed the evidence to be introduced. The jury found the appellant guilty of murder and assessed punishment of twenty years' imprisonment and a $5,000 fine.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

On appeal to the Fourteenth Court of Appeals, the appellant argued that the trial court erred in admitting evidence of his pre-arrest, pre-*Miranda* silence. The Court of Appeals noted that this issue had not yet been addressed by our Court or the United States Supreme Court, and that other state courts and federal courts of appeals were divided on whether such silence was admissible.[4] The Court of Appeals sided with those courts holding that it is. Now, in one ground for review, the appellant argues that the Court of Appeals erred in its holding, citing the decisions of those courts that have held that such silence was inadmissible. The State responds that the Court of Appeals correctly held that his silence was admissible, citing the decisions of those courts that have held so.

## II. DISCUSSION

The Fifth Amendment to the United States Constitution states, "No person … shall be compelled in any criminal case to be a witness against himself."[5] The United States Supreme Court has interpreted this as prohibiting the State from commenting on a defendant's refusal to testify at trial.[6] A defendant's silence *before* trial, however, is considerably less protected from being commented upon at trial. We read the relevant caselaw as holding that the level of protection provided by the Fifth Amendment to pre-trial silence varies according to several factors: (1) whether the defendant was in police custody; (2) whether he was informed of his *Miranda* rights; and (3) whether evidence of such silence is offered as substantive evidence of guilt or elicited from a testifying defendant.

---

[4] *Salinas*, 2011 WL 903984, 2011 Tex. App. LEXIS 1923; *see also State v. Lee*, 15 S.W.3d 921, 924 n.5 (Tex. Cr. App. 2000).

[5] U.S. CONST. amend. V.

[6] *Griffin v. California*, 380 U.S. 609, 614 (1965).

The Supreme Court has held that a defendant's Fifth Amendment right against compelled self-incrimination is violated if the State is allowed to impeach the defendant's testimony by using his post-arrest, post-*Miranda* silence.[7] The State does *not* violate a defendant's Fifth Amendment rights, however, by cross-examining a defendant as to post-arrest, pre-*Miranda* silence when a defendant chooses to testify.[8] Furthermore, the Supreme Court has held that pre-arrest, pre-*Miranda* silence can be used to impeach a defendant who testifies.[9]

Neither the Supreme Court nor our Court has decided whether pre-arrest, pre-*Miranda* silence (which is at issue here) is admissible evidence against a non-testifying defendant.[10] As the Fourteenth Court of Appeals noted, the courts that have weighed in on the issue are split.[11] Those courts holding such silence to be admissible, guided by Justice Stevens's concurring opinion in *Jenkins v. Anderson*,[12] generally reason that the Fifth Amendment right against compulsory self-incrimination is "irrelevant to a citizen's decision to remain silent when

---

[7] *Doyle v. Ohio*, 426 U.S. 610 (1976).

[8] *Fletcher v. Weir*, 455 U.S. 603 (1982); *but see also Sanchez v. State*, 707 S.W.2d 575, 579-80 (Tex. Cr. App. 1986) (plurality opinion) (holding that the Texas Constitution provides more expansive protection to a defendant in this circumstance; specifically, that once a defendant has been arrested – regardless of whether he has received his *Miranda* warnings – his silence may not be used against him for any purpose, even impeachment. (citing TEX. CONST. art. I, § 10)).

[9] *See Jenkins v. Anderson*, 447 U.S. 231 (1980); *Cisneros v. State*, 692 S.W.2d 78 (Tex. Cr. App. 1985).

[10] At least one notable Texas treatise has presumed that it is. *See* 41 George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 16.190 (3d ed. 2011) ("[A] defendant testifying at trial may be cross-examined concerning his failure to make exculpatory claims to police officers in prearrest circumstances in which a defendant would be expected to do so. Presumably, such matters could also be proved as evidence of the accused's guilt.").

[11] *See Salinas*, 2011 Tex. App. LEXIS 1923, n.2 (citing *State v. Lee*, 15 S.W.3d 921, 924 n.5 (Tex. Cr. App. 2000), our earlier opinion in which we discussed, but did not decide, this issue).

[12] *Jenkins*, 447 U.S., at 241 (Stevens, J., concurring).

he is under no official compulsion to speak."[13] Those courts holding such silence to be inadmissible view the Fifth Amendment right more expansively, reasoning that "once a defendant invokes his right to remain silent, it is impermissible for the prosecution to refer to any Fifth Amendment rights which [the] defendant exercised."[14] Nearly all of the courts that have addressed this issue have noted the conspicuous split and the lack of guidance from the Supreme Court.

In determining that the appellant's silence could be admitted as substantive evidence of guilt, the Court of Appeals – citing the decisions of many state and federal courts[15] – pointed to the reasoning in Justice Stevens's *Jenkins* concurrence.[16] We agree with the Court of Appeals.[17]

The plain language of the Fifth Amendment protects a defendant from *compelled* self-incrimination.[18] In pre-arrest, pre-*Miranda* circumstances, a suspect's interaction with police officers is not compelled. Thus, the Fifth Amendment right against compulsory self-incrimination is "simply irrelevant to a citizen's decision to remain silent when he is under no

---

[13] *See United States v. Oplinger*, 150 F.3d 1061, 1066-67 (9th Cir. 1998) (citing *Jenkins*, 447 U.S., at 241.).

[14] *See Combs v. Coyle*, 205 F.3d 269, 283 (6th Cir. 2000) (citing *United States v. Burson*, 952 F.2d 1196, 1201 (10th Cir. 1991).

[15] *See Oplinger*, 150 F.3d, at 1066-67 (9th Cir. 1998), *overruled on other grounds, United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010) (per curiam); *United States v. Zanabria*, 74 F.3d 590, 593 (5th Cir. 1996); *United States v. Rivera*, 944 F.2d 1563, 1568 (11th Cir. 1991); *State v. Leecan*, 504 A.2d 480, 484 (Conn. 1986); *Key-El v. State*, 709 A.2d 1305, 1310-11 (Md. 1998), *overruled by Weitzel v. State*, 863 A.2d 999, 1002 (Md. 2004); *State v. Masslon*, 746 S.W.2d 618, 626 (Mo. Ct. App. 1988); *State v. Dreher*, 695 A.2d 672, 705 (N.J. App. Div. 1997), *disapproved by State v. Brown*, 919 A.2d 107, 116 n.1 (N.J. 2007); *State v. Helgeson*, 303 N.W.2d 342, 348-49 (N.D. 1981).

[16] *Jenkins*, 447 U.S., at 241 (Stevens, J., concurring).

[17] We recognize that the facts of *Jenkins* differ from the instant case. We nonetheless find the reasoning in Justice Stevens' concurrence to be relevant and persuasive.

[18] U.S. CONST. amend. V.

official compulsion to speak."[19]

### III. CONCLUSION

We hold that pre-arrest, pre-*Miranda* silence is not protected by the Fifth Amendment right against compelled self-incrimination, and that prosecutors may comment on such silence regardless of whether a defendant testifies. The trial court did not err in allowing the State to do just that. We affirm the appellant's conviction.

Delivered April 25, 2012.
Publish.

---

[19] *Jenkins*, 447 U.S., at 241 (Stevens, J., concurring); *see also Jenkins*, 447 U.S. at 250 n.4 (Marshall, J., dissenting) ("Of course the voluntary decision to remain silent in the absence of any official compulsion does not 'raise any issue under the Fifth Amendment'").