Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00560-CR

Clarence Wes **CURL** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-0994-CR
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 22, 2012

AFFIRMED

Appellant Clarence Wes Curl Jr. appeals his convictions for aggravated sexual assault and other charges. He raises two issues on appeal: (1) the trial court violated his Fifth Amendment rights by admitting testimony regarding Curl's exercise of his right to remain silent; and (2) his trial counsel's failure to object to the testimony constituted ineffective assistance of counsel. We affirm the trial court's judgment.

BACKGROUND

On March 24, 2008, Corporal Scott Johnson of the San Marcos Police Department was assigned a case regarding the sexual assault of minor J.M. that occurred over several years.[1] As an expert on criminal investigations of child abuse and sexual assaults of children, the case was assigned to Corporal Johnson. Corporal Johnson had known Curl for several years through their church, and Curl had even called him about an unrelated case the previous month. During that conversation, Curl relayed his concern regarding his ex-wife "orchestrating something" in another county. Corporal Johnson explained that because the allegations involved incidents in a different county, he would not have any information about the case.

The same day that he was assigned the case, Corporal Johnson received another call from Curl asking if Corporal Johnson had said anything to his ex-wife about their earlier conversation. Corporal Johnson assured Curl that he had not, and Curl responded "I'm in deep trouble." Curl explained that his ex-wife had sent out an electronic communication to all the church members alleging Curl had committed some heinous acts and he wanted to know what he should do. Corporal Johnson told Curl he was looking into the matter and if it "got to the point that they should talk," Corporal Johnson would call him.

The following day, on March 25, 2008, Corporal Johnson and Detective Sandra Spriegel interviewed J.M. at her high school. J.M. confirmed she had been molested by Curl during her mother's marriage to Curl, between 1995 and 2000, and another time after the divorce when J.M. was twelve years old. Corporal Johnson described J.M. as very timid and fearful, but able to provide very specific details.

After J.M.'s interview, and based on his previous conversation with Curl, Corporal Johnson testified he called Curl and asked Curl to meet with him. Curl said he would rather talk

---

[1] To protect the privacy of the parties in this case, we identify the child by initials only.

over the telephone, but Corporal Johnson insisted that an in-person conversation would be more beneficial. Corporal Johnson testified Curl agreed to come by the police station the following day, but the meeting never occurred. Corporal Johnson did not speak to Curl after the March 25th telephone conversation.

The jury heard testimony from several witnesses for the State corroborating J.M.'s testimony, including J.M.'s mother, sister, friend, and niece. Additionally, an expert was called to explain the causes for a delayed outcry of sexual abuse. From the defense, the jury heard from two of Curl's children, his next-door neighbors, and Curl himself. Curl was adamant that none of the allegations made by J.M. were true. He further testified he was a religious man and until recently thought he and J.M. had an excellent relationship.

## ANALYSIS

Curl contends the trial court erred in permitting questions of Corporal Johnson regarding Curl's exercise of his right to remain silent. Additionally, Curl argues his trial counsel provided ineffective assistance of counsel by failing to object to Corporal Johnson's testimony regarding Curl's exercise of his right to remain silent.

### *Fifth Amendment Right to Remain Silent*

Curl bases his arguments on the premise that Corporal Johnson's testimony regarding Curl's failure to come forward and give a statement is a violation of his Fifth Amendment rights. *See* U.S. CONST. amend. V; TEX. CONST. art. 1, § 10. It has long been held that if a defendant testifies, his pre-arrest silence can be used to impeach him. *See Jenkins v. Anderson*, 447 U.S. 231, 238-40 (1980). The use of pre-arrest silence to impeach does not violate the Fifth Amendment because "impeachment follows the defendant's own decision to cast aside his cloak of silence and advances the truth-finding function of the criminal trial." *Id*. at 238. In this case,

however, Corporal Johnson's testimony was not used as impeachment against Curl. To the contrary, the testimony was used during the State's case-in-chief.

The Court of Criminal Appeals just recently addressed this issue in *Salinas v. State*, 369 S.W.3d 176 (Tex. Crim. App. 2012). During a murder investigation, Salinas voluntarily accompanied an officer to the police station for questioning. *Id*. at 176. After an hour of cooperating, the officers inquired whether shotgun shells at the crime scene would match the shotgun located in Salinas's residence. *Id*. Salinas stopped talking and remained silent. *Id*. At trial, the State attempted to introduce evidence of Salinas's silence regarding questions about the shotgun shells. *Id*. The Court explained that the "plain language" of the Fifth Amendment only protects a defendant against **compelled** self-incrimination. *Id*. at 177. In *Salinas*, as here, the defendant's interaction was not compelled because it was pre-arrest and pre-*Miranda*. *See id*. Thus, the Court concluded, "the Fifth Amendment right against compulsory self-incrimination is 'simply irrelevant to a citizen's decision to remain silent when he is under no official compulsion to speak.'" *Id*. (quoting *United States v. Oplinger*, 150 F.3d 1061, 1066-67 (9th Cir. 1998) (citing *Jenkins*, 447 U.S. at 241 (Stevens, J., concurring))); *see also Jenkins*, 447 U.S. at 250 n.4 (Marshall, J., dissenting) ("Of course the voluntary decision to remain silent in the absence of any official compulsion does not 'raise any issue under the Fifth Amendment'")).

Corporal Johnson's initial contact with Curl was initiated by Curl. During that conversation, Corporal Johnson told Curl that if there was a need for further information, Corporal Johnson would contact Curl. Just as they discussed, Corporal Johnson called Curl and requested they meet in person. Curl agreed, but failed to show for the appointment. Just as in *Salinas*, Curl was under no official compulsion to speak to Corporal Johnson. *See Salinas*, 369 S.W.3d at 177. As such, Curl's refusal to speak to Corporal Johnson did not implicate any Fifth

Amendment rights, and Corporal Johnson's testimony was, therefore, properly before the jury. Accordingly, we conclude the trial court did not err in allowing the testimony regarding Curl's exercise of his right to remain silent.

### *Ineffective Assistance of Counsel*

Curl next argues his trial counsel provided ineffective assistance of counsel by failing to object to the State's evidence regarding Curl's failure to appear for his scheduled interview with Corporal Johnson. The Sixth Amendment to the United States Constitution, and section ten of Article 1 of the Texas Constitution, guarantees individuals the right to assistance of counsel in a criminal prosecution. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. This right encompasses not only the right to counsel, but also to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984); *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). The right does not, however, guarantee a right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

To successfully establish an ineffective assistance of counsel claim, an appellant must show (1) a deficient performance by his trial counsel (2) that prejudiced the defense. *Strickland*, 466 U.S. at 687; *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007). Counsel's performance is deficient if his representation falls below an objective standard of professional norms. *Strickland*, 466 U.S. at 688; *Garza*, 213 S.W.3d at 347–48.

Curl's sole claim for ineffective assistance of counsel is based on his trial counsel's failure to object to the State's line of questioning regarding Curl's failure to speak with Corporal Johnson. Curl points out that his trial counsel lodged a hearsay objection, but failed to lodge the proper objection, a violation of the Fifth Amendment regarding Curl's right to remain silent. Yet, based the Court of Criminal Appeal's decision in *Salinas*, Curl was under no official

compulsion to speak to Corporal Johnson, and thus Corporal Johnson's testimony did not violate his Fifth Amendment rights. *Salinas*, 2012 WL 1414133 at \*2. We therefore conclude Curl failed to prove his trial counsel's performance was deficient, and thus, failed to prove his trial counsel provided ineffective assistance of counsel. *Strickland*, 466 U.S. at 688.

## CONCLUSION

Because Curl's pre-arrest *Miranda* silence was not protected by the Fifth Amendment, Corporal Johnson was free to testify about that silence, and the trial court did not err in admitting Johnson's testimony. *Salinas*, 369 S.W.3d at 177. Moreover, because the evidence was properly admitted under *Salinas*, the trial court would have properly overruled any Fifth Amendment objection lodged by Curl's trial counsel. For these same reasons, Curl cannot establish that his counsel's representation fell below the standard of prevailing professional norms, the mandatory first prong of the *Strickland* test. *See Strickland,* 466 U.S. at 687; *see also Vaughn v. State,* 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). We therefore conclude: (1) the trial court did not err in failing to exclude the evidence in question; and (2) Curl failed to show his trial counsel's performance was deficient, and therefore, failed to prove his claim of ineffective assistance of counsel. Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH