

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00796-CR

Brad Anthony **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-10882
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Catherine Stone, Chief Justice
          Karen Angelini, Justice
          Rebeca C. Martinez, Justice

Delivered and Filed:  September 24, 2014

AFFIRMED

Brad Anthony Smith was convicted of aggravated assault with a deadly weapon. *See* TEX.
PENAL CODE ANN. § 22.02(a)(2) (West 2011).  In a single issue on appeal, Smith asserts the
prosecutor made an impermissible comment on his pretrial exercise of the right to remain silent in
violation of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal
Procedure.  U.S. CONST., amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art.
38.08 (West 2005).  We overrule Smith's issue and affirm the judgment of the trial court.

## BACKGROUND

At trial, the State presented the following evidence that Smith was the person who fired a gun at the complainant David Lee: the eyewitness identification by Lee of Smith as the man on the yellow motorcycle who shot at him; the expert testimony that the multiple shell casings recovered from Smith's yard were fired by the same gun as the shell casings found in Lee's yard; the positive results from a gunshot-residue test administered on Smith the night of the shooting; the recovery of a yellow motorcycle at Smith's house; and the testimony by Smith's then-girlfriend that he admitted to the shooting a few months after his arrest. Smith testified in his defense and denied shooting at Lee, explaining that he had hosted a party that night and several uninvited guests crashed the party and that one of the uninvited males began firing a gun. Smith testified that the unknown male rode a yellow motorcycle and was the shooter at Lee's nearby house. Smith admitted that he also owned a yellow motorcycle, but stated it was not in good running condition.

At the beginning of closing argument during the guilt-innocence phase, the prosecutor made the following statements:

> I actually wasn't going to say anything, but I was a little bit inspired and I want to address a couple of comments that the defense made . . .
>
> You know, the State has a job to follow the rules, and we have attempted to comply with those rules. Defense would suggest that we have hidden things . . . We brought you all the evidence that we had in the case.
>
> With regard I want to answer a couple of questions that I anticipate you guys have. What about the photos of the bicycle - - or the motorcycle? Brad Smith told you that he had - - or told Detective, now Sergeant, Phillips that he had a yellow bike. The defense would suggest to you that they haven't kept anything from us, that they provided their expert to us. ***Well, today or yesterday was the first time ever in two years that we've heard this story that Brad Smith made up.*** And he had to because the evidence was overwhelming as to him and he had to come up with something to explain –
>
> (emphasis added)

Defense counsel objected to the prosecutor's comment on Smith's "absolute constitutional right to remain silent until his trial and he testified." The trial court overruled the objection. The jury subsequently found Smith guilty, and he received a twenty-year sentence of imprisonment.

### ANALYSIS

On appeal, Smith contends the trial court erred in overruling his objection because the prosecutor's argument was an improper comment on his right to remain silent. We review a trial court's ruling on an objection based on an improper jury argument for an abuse of discretion. *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). Improper argument will warrant reversal only if, "in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

There are four general areas of permissible jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). A prosecutor's remark constitutes an impermissible comment on the defendant's right to remain silent when, viewed from the perspective of the jury, the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's exercise of his right to remain silent. *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). In determining whether a prosecutor's argument violates the defendant's right to remain silent, the courts view the comment from the jury's standpoint and resolve any ambiguities in the language in favor of the comment being a permissible argument. *Randolph*, 353 S.W.3d at 891. "Thus, the implication that the State referred to the defendant's failure to testify must be a clear and necessary one. If the language might reasonably be construed as merely an implied or indirect allusion, there

is no violation." *Id.* In analyzing the comment, the courts consider the language within the context in which it was used, including the timing of the comment. *Bustamante*, 48 S.W.3d at 767.

Read in context, it is apparent that the prosecutor was responding to defense counsel's closing argument suggesting the State had "hidden things" from the defense and the jury, and had a hidden agenda in its prosecution of Smith. The prosecutor's statement that trial was "the first time in two years that we've heard this story that Brad Smith made up" was an answer to defense counsel's immediately preceding statements that, unlike the State, the defense had not kept anything from the State. Answering opposing counsel's argument is a proper area of closing argument. *See Brown*, 270 S.W.3d at 570.

The prosecutor's statement was also an attack on the credibility of Smith's alibi testimony about the party and the uninvited male guest being the shooter at Lee's house; as such, it was a reasonable deduction from the evidence. *See id.* Immediately after Smith's objection was overruled, the prosecutor continued undermining the credibility of Smith's testimony, stating, "He had to come up with something to match the evidence that we have, and the evidence is overwhelming. You would have to abandon your common sense to believe his story." The prosecutor later argued that Smith made up the story about an uninvited male having a gun and shooting at a blow-up Christmas toy in Smith's yard during the party in order to explain away the gunshot residue found on Smith's hands. The focus of the prosecutor's argument was to discredit Smith by pointing out the timing of his alibi story and the ways in which his story did not make sense and conflicted with other evidence. Counsel may properly comment on the credibility of any witness during closing argument when the comment is based on reasonable deductions from the evidence. *See Richards v. State*, 912 S.W.2d 374, 379-80 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

Once a defendant takes the stand and testifies in his own defense, the State may attempt to impeach his credibility and may comment on his testimony and credibility during closing argument, although it may not comment on the defendant's post-*Miranda*[1] invocation of his right to remain silent. *See Feldman v. State*, 71 S.W.3d 738, 755 (Tex. Crim. App. 2002); *see also Salinas v. State*, 369 S.W.3d 176, 178 (Tex. Crim. App. 2012), *aff'd*, 133 S.Ct. 2174 (2013) (noting that when defendant chooses to testify at trial, State may cross-examine and impeach defendant with his pre-*Miranda* silence); *but see Doyle v. Ohio*, 426 U.S. 610, 611 (1976) (holding prosecution may not impeach testifying defendant by commenting on defendant's post-*Miranda* silence because it violates the Fifth Amendment right against self-incrimination); *Franklin v. State*, 606 S.W.2d 818, 849 (Tex. Crim. App. 1979) (op. on reh'g) (impermissible to allow impeachment of defendant based on his post-arrest silence). Further, when a defendant testifies to an alibi defense during guilt/innocence, as Smith did here, that is an express denial of criminal responsibility and the prosecutor may comment on the defendant's denial of responsibility during closing argument at either phase of trial. *Randolph*, 353 S.W.3d at 892, 895-96.

Finally, even if the prosecutor's statement could be interpreted as alluding to Smith's pretrial exercise of his right to remain silent, "it was not a direct and necessary comment on appellant's right to silence because there is an 'equally plausible' alternate explanation . . . that the prosecutor was referring to appellant's alibi testimony." *Id.* at 896; *see Bustamante*, 48 S.W.3d at 765.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Based on the foregoing reasons, we hold the trial court did not abuse its discretion in overruling Smith's objection to the prosecutor's argument. Smith's sole issue on appeal is overruled and the trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH