

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00215-CR

———————————————

NELSON CHRISTOPHER HEAD, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. 59,481-B

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

In December 2021, a jury convicted Appellant Nelson Christopher Head of two counts of aggravated sexual assault of a child. The jury assessed his punishment at confinement for life on each count, and the trial court sentenced him accordingly.[1] On appeal, Head argues in a single issue that he suffered a violation of his right against self-incrimination when a witness commented on his pre-arrest silence. We affirm.

## I. BACKGROUND

In 2017, Head lived in an apartment with his girlfriend (Mother) and her ten-year-old son Jared.[2] Mother regularly left Jared alone with Head during the day while she worked. Head was in charge of home-schooling Jared, and Jared referred to Head as "Dad."

In September 2017, Jared made an outcry of sexual abuse against Head. After an investigation, the police obtained a warrant for Head's arrest. A grand jury indicted Head for two counts of aggravated sexual assault of a child. Head pleaded not guilty.

During the State's case-in-chief, Head's attorney asked police detective Todd Henderson on cross-examination whether, as part of his investigation, he had

---

[1]The trial court ordered that these sentences would run consecutively.

[2]To protect the child's sensitive data, we use an alias to refer to him. *See* Tex. R. App. P. 9.10(a)(3).

attempted to speak with Head concerning Jared's allegations. Detective Henderson responded, "Yes sir. I contacted him and requested . . . that he come in for an interview, which he declined." Neither side objected to Head's attorney's question or to Detective Henderson's answer.

After the State rested, Head testified in his own defense, alleging that Jared was a troubled child who had suffered from mental psychosis and had fabricated the sexual assault allegations. Mother also testified in Head's defense, characterizing Jared's allegations of sexual abuse as "absolutely not true" and stating that "[her] son lied."

After hearing all of the evidence and arguments, the jury found Head guilty of both counts. After hearing additional evidence and arguments regarding punishment, the jury assessed Head's punishment at confinement for life on each count. The trial court sentenced him accordingly and ordered that the sentences would run consecutively. This appeal followed.

## II. DISCUSSION

In his sole issue on appeal, Head argues that his right against self-incrimination under both the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution was violated when Detective Henderson commented on the fact that, prior to his arrest, Head had declined Detective Henderson's request for an interview. This argument lacks merit.

First, Head has forfeited his appellate complaint by failing to raise an objection at trial. To preserve a complaint for appellate review, the record must show that a specific and timely objection was made to the trial judge and that the judge ruled on the objection. Tex. R. App. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009); *Smith v. State*, 256 S.W.3d 341, 343 (Tex. App.—San Antonio 2007, no pet.). "This is true even though the error may concern a constitutional right of the defendant." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). Indeed, the Texas Court of Criminal Appeals has specifically held that complaints regarding comments on a defendant's silence must be preserved by a contemporaneous objection. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); *Wheatfall v. State*, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994). Here, Head's counsel did not object to—and actually elicited—the complained-of testimony. Accordingly, Head has forfeited his sole appellate issue. *See* Tex. R. App. P. 33.1(a); *Heidelberg*, 144 S.W.3d at 537; *Wheatfall*, 882 S.W.2d at 836.

Moreover, even if Head had preserved his sole issue, we still must overrule his constitutional argument on the merits. Texas courts, including the Texas Court of Criminal Appeals, have consistently held that a defendant's right against self-incrimination is not violated by the admission of evidence concerning his pre-arrest silence. *See Salinas v. State*, 369 S.W.3d 176, 179 (Tex. Crim. App. 2012) (holding "that pre-arrest, pre-*Miranda* silence is not protected by the Fifth Amendment right against compelled self-incrimination"), *aff'd* 570 U.S. 178 (2013); *Valmana v. State*, 605 S.W.3d

4

490, 511 (Tex. App.—El Paso 2020, pet. ref'd) ("[T]he Fifth Amendment only protects a defendant against compulsory self-incrimination after a defendant has been arrested or when he is the subject of custodial interrogation. The Fifth Amendment does not prohibit the State from introducing evidence of a defendant's pre-arrest, pre-*Miranda* silence." (citation omitted)); *Buentello v. State*, 512 S.W.3d 508, 521 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (citing *Salinas* and holding that because appellant's pre-arrest, pre-*Miranda* silence was not protected by the Fifth Amendment, "the prosecutor was permitted to comment at trial on that silence"); *see also Cisneros v. State*, 692 S.W.2d 78, 85 (Tex. Crim. App. 1985) (holding that "prosecutor's questions to the appellant as to his pre[-]arrest silence" did not violate the United States Constitution and stating, "[W]e do not conclude that Article I, §§ 10 and 19, Texas Constitution, call for a different result in Texas as to pre[-]arrest silence . . . ."); *Atchley v. State*, No. 06-15-00215-CR, 2016 WL 6885854, at *3 (Tex. App.—Texarkana Nov. 23, 2016, pet. ref'd) (mem. op., not designated for publication) ("Pre-arrest and pre-*Miranda* silence can be used for impeachment under both the United States and Texas Constitutions."). Because we are bound by the decisions of the Texas Court of Criminal Appeals, *Sell v. State*, 488 S.W.3d 397, 399 (Tex. App.—Fort Worth 2016, pet. ref'd), we must decline Head's invitation to expand the scope of the Fifth Amendment to cover pre-arrest silence.

We overrule Head's sole issue.

## III. CONCLUSION

Having overruled Head's sole issue, we affirm the trial court's judgments.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 9, 2023