**AFFIRM and Opinion Filed October 16, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-23-00910-CR
_____

### ROBERT PATRICK DOBBS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-84344-2022**

## OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Kennedy

A jury convicted appellant Robert Patrick Dobbs of continuous sexual abuse

of a child and assessed punishment at 25 years' confinement. In three issues,

appellant asserts the trial court erred (1) in excluding evidence that was critical to

his defense, (2) in overruling his objection to testimony of the investigating officer

concerning her inability to obtain a statement from him, and (3) in designating the

forensic interviewer the outcry witness.[1] We affirm the trial court's judgment.

---

[1] The record includes testimony about the claimed abuse. The parties are familiar with that evidence, and, in the absence of any challenge to the sufficiency of the evidence, we limit our discussion of the record to information necessary to resolve the issues on appeal.

# BACKGROUND

The complainant, K.Q., was a toddler when appellant started dating her mother. Appellant and K.Q.'s mother married and had two children together. Although appellant was K.Q.'s stepfather, she was raised believing he was her biological father.

At the age of twelve, K.Q. learned appellant was not her biological father. Shortly thereafter, she outcried claiming she had been continuously sexually abused by appellant since she was the age of seven. K.Q. first disclosed the abuse to a few of her classmates, one of whom notified school officials who then contacted the police and Child Protective Services (CPS). K.Q. was subsequently interviewed at the Hunt County Child Advocacy Center. During her interview, K.Q. gave detailed descriptions of several incidents of abuse occurring at multiple locations and over a span of several years. Thereafter, Collin County authorities became involved in the case because some of the reported incidents occurred in the cities of McKinney and Frisco.

Frisco Police Detective Olga Chavez led the investigation in this case. As part of her investigation, she reviewed K.Q.'s forensic examination and asked K.Q. to call appellant in an effort to obtain a statement from him. Appellant did not answer K.Q.'s call. Detective Chavez then asked K.Q. to send appellant a text message to see if he would respond. K.Q. did so, stating, "Hi, Dad, it's [K]. I wanted to talk to you." Appellant did not respond, and instead reached out to K.Q.'s mother asking

her why K.Q. was calling and texting him. Detective Chavez concluded her investigation and referred the case to the Collin County Grand Jury, which later indicted appellant. A jury trial ensued.

The State's trial witnesses were: K.Q.; K.Q.'s mother; Anne Payne, the principal at K.Q.'s school; Detective Chavez; Jessica Francis, the forensic interviewer; and a classmate of K.Q., to whom K.Q. disclosed the abuse. Appellant's witnesses were himself and one of his cousins. Appellant's defensive theory at trial was that he did not abuse K.Q., and that she was lying about the abuse to keep him out of the household after she had reconnected with her biological father. At the conclusion of trial, the jury found appellant guilty of continuous sexual abuse of a child and assessed punishment at 25 years' confinement.

## DISCUSSION

### I. Right to Present Defensive Theory

In his first issue, appellant asserts the trial court violated his due process right to present a defense by not allowing him to introduce evidence of a prior indictment and the State's reasons for reindicting him. According to appellant, the changes to K.Q.'s accounts of abuse caused the State to seek a second indictment. Appellant contends evidence regarding the different indictments should have been allowed to impeach K.Q.'s credibility and to support his position she fabricated the instances of abuse. The State responds urging appellant failed to preserve this complaint for review and, nevertheless, the State's decision to reindict was a matter of

–3–

prosecutorial discretion and not subject to inquiry, and appellant was afforded, and took advantage of, the opportunity to attack K.Q.'s credibility by pointing out the differences in her accounts of abuse over time.

Appellant attempted to question K.Q. about how the prosecutor who had previously been assigned to the case went back to the grand jury with a new indictment because her account of the abuse had changed since her forensic interview. The State objected, and the trial judge conducted a hearing outside the presence of the jury to determine what evidence appellant was attempting to present. Appellant indicated the line of questioning he wished to pursue was designed to establish that during her forensic interview, K.Q. said certain things happened and then about three years later she told a different version of what had occurred, causing the State to go back to the grand jury to seek a second indictment. At the conclusion of the hearing, the trial judge stated:

> So here is my ruling. There is no discussion of two indictments. There is no discussion of a prosecutor changing their mind or trying to get a child witness on the stand to hypothecate about why she had a new prosecutor that did something different. That is inappropriate, that is irrelevant, that misleads the jury, that any probative value, which I found none, is completely outweighed by potential prejudice to the jury. . . So completely fine to talk to [K.Q.] about her interviews and how her story changed. Not fine to try to put dots together and say, well, we're going to talk about grand jury proceedings and different indictments, okay.

To preserve a complaint for appellate review, a party must first present to the trial court a timely request, objection or motion stating the specific grounds for the desired ruling. TEX. R. APP. P. 33.1. Even errors of constitutional dimension can be

—4—

forfeited on appeal absent an objection. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). Here, appellant contends the trial court violated his due process right to present a defense by sustaining the State's objection to defense counsel's attempt to question K.Q. about the two indictments and in ruling there would be no discussion of there having been two indictments, no inquiry as to why the prosecutor filed the second indictment, and no questioning of K.Q. about why the prosecutor presented a second indictment. Below, appellant's trial counsel argued the evidence he sought to present was relevant to show K.Q. changed her allegations of abuse, but he did not argue the exclusion of the evidence he sought to present violated his constitutional right to present a defense. Because counsel failed to make this argument in the trial court, it was not preserved for appellate review. *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (alleged violation of constitutional right to present a defense is forfeitable and is not preserved if not presented to trial court).

Moreover, even if the argument had been properly preserved, appellant cannot demonstrate the trial judge's ruling was an abuse of discretion or that the exclusion of evidence of the prior indictment and the State's reasons for reindicting prevented him from presenting a defense. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009) (we review trial court's decision to admit or exclude evidence for an abuse of discretion). There is no abuse of discretion if the trial court's ruling is within the zone of reasonable disagreement. *Id.* at 343–44.

In *Potier v. State*, the court of criminal appeals explained that a constitutional right to present a meaningful defense is rarely denied by an incorrect evidentiary ruling. 68 S.W.3d 657, 663 (Tex. Crim. App. 2002). A defendant does not have a constitutional right to present evidence just because it is favorable to his cause. *Id.* at 659. A trial court can place reasonable restrictions on the evidence a defendant presents to a jury. *Id.* Such restrictions do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve. *Id.* A trial court's exclusion of evidence offered by the defense will violate due process only if (1) a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering otherwise relevant, reliable evidence which is vital to his defense, or (2) a trial court's ruling erroneously excludes evidence that "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Id.* at 659–62, 665; *see also Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002).

Here, appellant does not assert the unconstitutionality of a rule of evidence but instead complains about the trial court's precluding him from cross-examining K.Q. regarding the two indictments and from calling members of the district attorney's office to elicit testimony concerning why appellant was reindicted. Appellant suggests that this evidence was critical to his contention the allegations of abuse against him were false.

Prosecutors have broad discretion in deciding which cases to prosecute. *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004). Thus, if the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether to prosecute and what charge to file generally rests entirely within his or her discretion. *Id.* An accused is not entitled to question the district attorney regarding the exercise of prosecutorial discretion. *Russeau v. State*, 171 S.W.3d 871, 887 (Tex. Crim. App. 2005). Thus, a trial court may prohibit defense inquiries into that discretion. *See, e.g.*, *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004) (holding trial court acted within its discretion in quashing subpoenas for district attorneys where defendant wished to question them about their reasons for seeking death penalty). The State's decision to reindict appellant was a matter of prosecutorial discretion. *See Neal*, 150 S.W.3d at 173. Accordingly, the trial court did not abuse its discretion in precluding appellant from delving into the reasons the prosecutor filed the second indictment.

Furthermore, appellant was not prevented from presenting a defense premised on the evolution of K.Q.'s accounts of abuse. Defense counsel fully developed on cross-examination the differences between K.Q.'s initial account of abuse during her forensic interview and the subsequent accounts she gave to the prosecutor. More particularly, defense counsel established K.Q. spoke with the prior prosecutor two times and the trial prosecutor three times, she watched the recording of her forensic interview two times, and she told the prosecutors different things than she told the

forensic interviewer. In addition, during closing arguments, defense counsel argued at length about K.Q.'s ever changing story of abuse. Thus, appellant attacked K.Q.'s credibility. The exclusion of the complained of evidence did not preclude him from doing so or challenging the veracity of K.Q.'s claims of abuse. Thus, the trial court's exclusion of evidence of the first indictment and the State's reasons for reindicting did not rise to the constitutional level of violating appellant's due process right to present his defense. *See Potier*, 68 S.W.3d at 663–66.

We overrule appellant's first issue.

## II.     Fifth Amendment Right

In his second issue, appellant asserts Detective Chavez's testimony that she was unsuccessful in her attempts to obtain a statement from appellant as part of her investigation of K.Q.'s claims violated his Fifth Amendment right to remain silent. The State responds urging appellant waived his complaint because he did not obtain a ruling on his objection and, nevertheless, his complaint is meritless because appellant's pre-arrest silence is not constitutionally protected.

To preserve an alleged error in the admission of evidence for appellate review, the record must show the party complaining on appeal made a timely objection that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1). In addition, the record must show that the trial court made a ruling thereon, either explicitly or implicitly, or refused to rule and the complaining

–8–

party objected to the refusal. *See id.* 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). When an appellant fails to press his or her objection to the point of procuring an adverse ruling, the error, if any, is not preserved. *Stoner v. State*, 585 S.W.2d 750, 755 (Tex. Crim. App. 1979). Here, while the record before us shows appellant made a Fifth Amendment objection to Detective Chavez's testimony concerning her inability to obtain a statement from appellant, it does not contain a ruling on that objection. Thus, appellant did not preserve this complaint for review.

Even if the trial court implicitly ruled against appellant on his Fifth Amendment objection to the complained of testimony of Detective Chavez, that ruling was not in error because Detective Chavez's testimony referred to appellant's pre-arrest silence. Detective Chavez completed her investigation of this case after she, with the assistance of K.Q., attempted to elicit incriminating statements from appellant in a text exchange or phone call with K.Q. without success. She then referred the case to the grand jury, and she had no further involvement in the case. Appellant was not arrested until after he was indicted.

Pre-arrest, pre-*Miranda* silence is not protected by the Fifth Amendment right against compelled self-incrimination, and comments on it are permissible even when the defendant does not testify at trial. *Salinas v. State*, 369 S.W.3d 176, 179 (Tex. Crim. App. 2012). The Fifth Amendment is simply irrelevant to a citizen's decision to remain silent when he is under no official compulsion to speak. *Id.* Thus,

Detective Chavez's testimony about her failed attempt to obtain a statement from appellant before he was arrested was admissible. *See Buentello v. State*, 512 S.W.3d 508, 521 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (holding prosecutor's efforts to elicit testimony from investigating officer about attempts to obtain pre-arrest statement from defendant about alleged sexual abuse of child were permissible); *Morales v. State*, 389 S.W.3d 915, 921–22 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding prosecutor's exchange with investigator, which confirmed that defendant did not respond to investigator's attempts to call him, was admissible because these actions constituted pre-arrest, pre-*Miranda* silence). Accordingly, to the extent the trial court can be said to have implicitly overruled appellant's Fifth Amendment objection to Detective Chavez's testimony, it did not abuse its discretion in doing so. We overrule appellant's second issue.

## III. Outcry Witness

In his third issue, appellant asserts the trial court erred in designating the forensic interviewer as the outcry witness under article 38.072 of the Texas Code of Criminal Procedure because she was not the first adult to whom K.Q. outcried. The State responds urging the trial court acted within its discretion in designating the outcry witness.

### A. Standard of Review and Applicable Law

Article 38.072 of the Texas Code of Criminal Procedure provides an exception to the rule against hearsay in that it allows the admission of outcry

–10–

statements if certain requirements are met. TEX. CODE CRIM. PROC. art. 38.072; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). One such requirement is that the designated outcry witness must be the first person eighteen years of age or older that the child victim told about the abuse. CRIM. PROC. art. 38.072, § 2(a)(3). The first person refers to the first adult who can remember and relate at trial the child's statement that in some discernible manner describes the alleged offense. *Foreman v. State*, 995 S.W.2d 854, 859 (Tex. App.—Austin 1999, pet. ref'd).

To be considered the first outcry, the child victim's statements must be more than a general allusion of sexual abuse and must describe the alleged offense in some discernible manner. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). An adult who does not remember the child having made an outcry or refuses to cooperate with the prosecution cannot be the outcry witness. *See Wineberg v. State*, No. 05-21-00668-CR, 2023 WL 3991648, at *12 (Tex. App.—Dallas June 14, 2023, pet. ref'd) (mem. op., not designated for publication); *Foreman*, 995 S.W.2d at 859.

The trial court determines in the first instance whether one or more witnesses may be designated as outcry witnesses, and we review that determination for an abuse of discretion. *See Garcia*, 792 S.W.2d at 92; *Rogers v. State*, 442 S.W.3d 547, 552 (Tex. App.—Dallas 2014, pet. ref'd). A trial court has broad discretion when deciding which witnesses qualify as outcry witnesses. *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd). A court's designation of an outcry witness

–11–

will be upheld when it is supported by the evidence. *Mendez v. State*, No. 05-23-00121-CR, 2024 WL 3063628, at *3 (Tex. App.—Dallas June 20, 2024, no pet.) (mem. op., not designated for publication) (citing *Polk v. State*, 367 S.W.3d 449, 452 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd)).

**B. Analysis**

The State gave appellant notice of its intent to present K.Q.'s hearsay statements about the abuse. In the notice, the State identified two witnesses, Hunt County Sheriff's Deputy Randi Dykes and Hunt County Child Advocacy Center forensic interviewer Jessica Francis. The trial court ruled that Francis was the outcry witness. Appellant contends Francis is not the proper outcry witness because she was not the first person, over the age of 18, to whom K.Q. disclosed the abuse. To review this claim, we must first recount the representations and testimony from the outcry hearing.

At the outcry hearing, the State represented that it could not locate Officer Dykes. She no longer worked for the Hunt County Sheriff's Office and while the State attempted to locate her, its year-long efforts to do so were not successful. Thus, the State tendered Francis as the only outcry witness. Francis testified K.Q. described four specific incidents of abuse, one that occurred in California, one that occurred in Frisco, and two that occurred in Caddo Mills. In addition to recounting K.Q.'s descriptions of the abuse, Francis recounted K.Q.'s statements as to whom she disclosed the abuse. In particular, K.Q. indicated she talked to Ms. Allison, the

assistant principal at her school; Anne Payne, the principal at her school; the high school counselor; and a female police officer, but she did not describe the abuse in detail to any of these individuals. Francis also testified K.Q. indicated that she had not told her mother any details of the abuse, and Francis confirmed with the CPS investigator that K.Q. had not disclosed to her any details of the abuse. On cross-examination, Francis acknowledged that she was not present when K.Q. spoke to other adults about the abuse and that K.Q. may have given Deputy Dykes information about the offense before the forensic interview. She also acknowledged that K.Q. had told Payne "who, what and where" but explained the details of the abuse were not disclosed to Payne. Payne testified before the jury before the trial court conducted the article 38.072 hearing. Payne testified she spoke with K.Q. in response to reports made by other students. She described K.Q. as "embarrassed, fearful, a little bit fearful of talking about the things that she needed to talk about . . . very quiet, very withdrawn." She indicated that through her conversations with K.Q. and K.Q.'s friends, she learned some inappropriate things involving appellant and K.Q. had occurred.

At the end of the hearing, the prosecutor argued Francis was the proper outcry witness. The defense argued Francis was not the proper outcry witness because K.Q. talked to other adults before the forensic interview and gave details about the abuse to Payne and Deputy Dykes. But Payne's testimony established K.Q. provided only general statements about abuse to Payne. Francis established K.Q. had not provided

–13–

any of the details of the abuse to the CPS investigator. With respect to Deputy Dykes, it was uncertain what information, if any, she knew, as she could not be located. The trial court ruled Francis was the outcry witness on the four instances of abuse to which she testified during the article 38.072 hearing. The trial court's ruling is supported by the record. The trial court did not abuse its discretion by designating Francis the outcry witness in this case. We overrule appellant's third issue.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Publish
TEX. R. APP. P. 47

230910F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

ROBERT PATRICK DOBBS, Appellant

No. 05-23-00910-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-84344-2022.
Opinion delivered by Justice Kennedy. Justices Molberg and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of October 2024.